UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>KATHRYN TOGGAS<br>    DEBTOR/APPELLANT | Civ. Action No. 19-3589 (EGS)<br><br>Bankr. Case No. 19-598 (Chapter 13) |

## MEMORANDUM OPINION

Kathryn Toggas appeals the Bankruptcy Court's *Order Amending Order Dismissing Case, Granting in Part "Motion to Vacate Dismissal Order, for Relief from Codebtor Stay, and for Imposition of an Equitable Servitude for Two Years," and Imposing an Equitable Servitude on Real Property Located at 3112 Legation St., NW, Washington, DC 20015* (the "Order"). Upon consideration of the briefs, the applicable law, and the entire record, the Court **AFFIRMS** the Bankruptcy Court's Order.

## I. Background

On September 9, 2019, Ms. Toggas filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. *See* A.R., ECF No. 3-1 at 1-8 (Civ. Action No. 19-3589).[1] Ms. Toggas and her husband, Thomas Toggas, are the owners of their residence,

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

1

located at 3112 Legation St., NW, Washington, DC, 20015. *See* A.R. ECF No. 3-1 at 2, 3, 46 (Civ. Action No. 19-3589). Mr. Toggas is the borrower on a May 23, 2008 loan in the amount of $1,350,000 secured by the Legation Street property. *See* A.R., ECF No. 3-1 at 24, 29, 30-45 (Civ. Action No. 19-3589). Mr. Toggas failed to make the payment due on August 15, 2019, and as of September 11, 2019, the loan was in default for 122 payments. *See* A.R., ECF No. 3-1 at 17 (Civ. Action No. 19-3589).

On September 11, 2019, the Bankruptcy Court entered an Order to File Mailing Matrix or Show Cause, directing Ms. Toggas to file a mailing matrix, which is required to be filed with every bankruptcy petition per Local Bankruptcy Rule 1007-2 and which Ms. Toggas had failed to file with her petition. *See* A.R., ECF No. 3-1 at 10 (Civ. Action No. 19-3589). On September 19, 2019, the case was dismissed based on Ms. Toggas' failure to respond to the Court's September 11, 2019 Order to File Mailing Matrix or Show Cause. *See* A.R., ECF No. 3-1 at 10 (Civ. Action No. 19-3589).

On October 16, 2019, U.S Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("Movant" or "Appellee") filed a Motion to Vacate Dismissal Order, For Relief from CoDebtor Stay, and for Imposition of an Equitable Servitude for Two Years (Real Property Located at 3112 Legation St., NW,

Washington, DC 20015).[2] *See* A.R., ECF No. 3-1 at 15-23 (Civ. Action No. 19-3589). On November 4, 2019, Ms. Toggas filed an opposition to the motion, *see* A.R., ECF No. 3-1 at 19-23 (Civ. Action No. 19-3589); but failed to appear at the November 6, 2019 hearing on the motion, *see* Bankruptcy Petition #: 19-00598-ELG, ECF No. 27, PDF With Attached Audio File.

Thereafter, on November 8, 2019, the Bankruptcy Court granted the motion in part. *See* A.R., ECF No. 3-1 at 32-34 (Civ. Action No. 19-3589). Among other things, rather than vacating the dismissal order, the Bankruptcy Court amended it "to provide that an equitable servitude is imposed upon the Property, which servitude shall prevent any stay under 11 U.S.C. §§ 362 and 1301 from attaching to the Property by reason of any new bankruptcy being filed by any person or entity holding an interest in the Property." A.R., ECF No. 3-2 at 33. (Civ. Action No. 19-3589). Ms. Toggas sought a stay pending appeal, arguing that the Bankruptcy Court had improperly granted the Motion to Vacate Dismissal because the movant's grounds for seeking relief did not fall within the grounds for relief enumerated in Federal

---

[2] "Bankruptcy Courts have the authority to issue an *in rem* order that operate[s] as an equitable servitude on property to preclude the debtor and his successors from taking advantage of the automatic stay of 11 U.S.C. § 362(a) for a period sufficient to enable the creditor holding the secured claim to consummate a foreclosure." *In re Snow (Great Western Bank v. Snow)* 201 B.R. 968 (Bankr. C.D.Cal. 1996),

Rule of Civil Procedure 60(b)(1)-(5). *See* A.R., ECF No. 3-1 at 37-44 (Civ. Action No. 19-3589). In opposing the stay, Movant stated that the Order "permitted the Creditor's foreclosure sale to proceed on November 13, 2019, at which the Creditor was the successful bid purchaser of the Property. The Creditor is now proceeding with postsale actions necessary to consummate its sale, including ratification of the sale and any action necessary thereafter to obtain possession of the Property." Appendix to Appellee's Brief, ECF No. 6 at 43-44.

On December 22, 2019, the Bankruptcy Court denied Ms. Toggas' Motion for Stay Pending Appeal. *See* A.R., ECF No. 3-1 at 45-49 (Civ. Action No. 19-3589). The Bankruptcy Court concluded that Ms. Toggas had no likelihood of success on appeal because, among other things, the Court did not vacate the dismissal order, but rather amended the order to grant an equitable servitude. *See* A.R., ECF No. 3-1 at 46-47 (Civ. Action No. 19-3589). In determining the harm to the movant and other parties, the Bankruptcy Court observed that Ms. Toggas "has filed numerous bankruptcy petitions in recent years, often immediately preceding the date for which a foreclosure sale was scheduled. The debtor has thus been engaging in a blatant form of 'tag bankruptcy.'" A.R., ECF No. 3-2 at 48 (Civ. Action No. 19-3589).

From May 2018 through September 2019, Ms. Toggas filed a total of seven Chapter 13 petitions in the Bankruptcy Court for

4

the District of Columbia of which this Court takes Judicial Notice. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) (finding that judicial notice "applies to appellate courts taking judicial notice of facts supported by documents not included in the record on appeal"); *Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011) ("The court may take judicial notice of public records from other court proceedings."). Each case was dismissed shortly after being filed for the same procedural reason as in the instant case: Ms. Toggas failed to respond to the Order to File Mailing Matrix or Show Cause. *See* Bankruptcy Petition #: 18-00312; Bankruptcy Petition #: 18-00649; Bankruptcy Petition #: 19-00036; Bankruptcy Petition #: 19-00146; Bankruptcy Petition #: 19-00340; Bankruptcy Petition #: 19-00463. The filing of each of these cases cancelled a scheduled foreclosure sale. *See* A.R., ECF No. 3-1 at 19-20 (Civ. Action No. 19-3589).

On November 11, 2019, Ms. Toggas filed a Notice of Appeal, which is ripe for review.

**II. Standard of Review**

This Court has jurisdiction over appeals of decisions of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1) (conferring jurisdiction on federal district courts "to hear appeals ... from final judgments, orders, and decrees"

5

of bankruptcy courts). On appeal from a bankruptcy court, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

A district court reviews a bankruptcy court's findings of fact only for indication that they are clearly erroneous. *Id.; see also In re Johnson,* 236 B.R. 510, 518 (D.D.C.1999). "A finding [of fact] is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Johnson,* 236 B.R. at 518 (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). A bankruptcy court's legal conclusions, however, are reviewed *de novo. See In re WPG, Inc.,* 282 B.R. 66, 68 (D.D.C. 2002) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405(1990). The party seeking to reverse the bankruptcy court's ruling bears the burden of proof and may not prevail by showing "simply that another conclusion could have been reached." *Id.* (quotation marks omitted).

**III. Analysis**

    **A. The Bankruptcy Court Did Not Err Amending Its Dismissal Order to Provide For an Equitable Servitude In Appellee's Favor**

Ms. Toggas does not challenge the merits of the imposition of the equitable servitude, but rather requests reversal of the Order based on three procedural claims. First, Ms. Toggas argues that the Bankruptcy Court erred because there were no grounds pursuant to Federal Rule of Civil Procedure 60(b)(1)-(5) (made applicable in Bankruptcy Proceedings by Bankruptcy Procedure 9024) for the Bankruptcy Court to vacate the dismissal order and second, that the bankruptcy Court erred because Appellee was not a party pursuant to that Rule who could seek to have the dismissal order vacated because the order was not entered against the Appellee. Br. of Debtors-Appellants, ECF No. 5 at 8-11. However—and as Appellee points out—the Bankruptcy Court did not vacate the dismissal order. Rather, it amended the order to provide for an equitable servitude in favor of the Appellee. For this reason, Appellee contends that the Appellant's claims of error are moot. Br. for the Appellee, ECF No. 6 at 6-7. Ms. Toggas replies that the Court should ignore Appellee's argument because, according to her, the Dismissal Order was not amended because: (1) Appellee did not move to amend the Dismissal Order; and (2) Appellee provided no grounds for amending the Dismissal

7

Order. Reply Br. of Debtors-Appellants, ECF No. 8 at 4. Ms. Toggas' understanding is inaccurate, however, because the Bankruptcy Court did not vacate the Dismissal Order, but rather amended it to impose an equitable servitude. A.R., ECF No. 3-2 at 33. (Civ. Action No. 19-3589). Accordingly, because Ms. Toggas' claims based on Federal Rule of Procedure Rule 60(b)(1)-(5) are not relevant to the action that the Bankruptcy Court actually took, her claims are without merit.

Third, Ms. Toggas argues that the Bankruptcy Court erred because Appellee did not seek the imposition of an equitable servitude "during the bankruptcy procedure." Br. of Debtors-Appellants, ECF No. 5 at 11. However, while the Dismissal Order was entered on September 11, 2019, and before the Movant's Motion to Vacate the Dismissal Order was filed on October 16, 2019, the case has not been closed. *See generally* Docket for Bankruptcy Petition #: 19-00598. Even if the case had been closed, the Bankruptcy Court retained jurisdiction for certain purposes. *See In re Hardy,* 209 B.R. 371, 373 (Bankr. E.D.Va. 1997) ("Notwithstanding the fact that [debtor's] bankruptcy case is closed and all scheduled debts have been discharged, the Court retains jurisdiction over the debtor's case for certain purposes," including when a "party claims a right or remedy created by one of the specific Bankruptcy Code sections.") (citations omitted); *cf. Matter of Querner,* 7 F.3d 1199, 1201–02

8

(5th[h] Cir. 1993) (when main bankruptcy case dismissed or closed, court has discretion to retain jurisdiction or dismiss related proceedings). For these reasons, Ms. Toggas' claim is without merit.

If Ms. Toggas had challenged the merits of the Bankruptcy Court's imposition of the equitable servitude, such a challenge would have been without merit. From May 2018 through September 2019, Ms. Toggas filed a total of seven Chapter 13 bankruptcy petitions. Each was dismissed soon after it was filed on the same procedural grounds and each resulted in cancelling a scheduled foreclosure sale. Furthermore, Mr. Toggas' missed payments date to August 2009, and his debt at the time Ms. Toggas filed her seventh bankruptcy petition in a 16-month period was $2,350,000 on a $1,350,000 loan. *See* A.R., ECF No. 3-1 at 20 (Civ. Action No. 19-3589). Based on this pattern of conduct, there is ample factual and legal basis for the imposition of the equitable servitude. *See In re Chappelle*, No. 00-0020, 2000 WL 33529767 (Bankr. D.D.C. Feb. 27, 2000) (defendants' abuse of the bankruptcy system, which included filing six bankruptcy filings withing three years and a three year mortgage default, warranted imposing an equitable servitude). *See also In re Yimam*, 214 B.R. 463 (Bankr. D. Md. 1997) (equitable servitude appropriate where debtor and spouse filed seven bankruptcy cases "all designed to forestall creditor

9

action" over a four-year, three-month period and failed to make a mortgage payment within the last five years); *In re Abdul Muhaimin*, 343 B.R. 159 (Bankr. D. Md. 2006) (equitable servitude appropriate where "appropriate based on the three bankruptcy cases filed in 17 months by the Debtor or Mr. Muhaimin, two of which were filed on the day of or the day prior to a scheduled foreclosure sale. This pattern of conduct, while not proven to be fraudulent as to creditors, nonetheless is the type of conduct that constitutes a continuing abuse of the bankruptcy process.").

**IV. Conclusion**

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Order. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            January 21, 2022**